IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN BRADLEY,

        Petitioner,

vs.

        Respondent.

8:16CV404

MEMORANDUM
AND ORDER

## I. INITIAL REVIEW

This matter is before the court on initial review of Petitioner Juan Bradley's ("Bradley") Petition for Writ of Habeas Corpus. (Filing No. 1.) The court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.[1]

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

---

[1] The court notes that Bradley has failed to comply with Rule 2 of the *Rules Governing Section 2254 Cases* because he has failed to name a Respondent. The court will address the issue if the Eighth Circuit Court of Appeals authorizes Bradley to file a second or successive habeas corpus petition.

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.*

This court's records reflect that Bradley's petition is successive. He challenges his 1981 conviction in the District Court of Douglas County, Nebraska, for first degree felony murder. Bradley unsuccessfully challenged this same conviction under earlier federal habeas corpus litigation. (*See Bradley v. State of Nebraska, et al.*, Case No. 4:10CV3096, Filing No. 8 (petition for authorization to file a successive habeas application denied); *Bradley v. Clarke*, Case No.

2

4:93CV3312, Filing No. 9 (dismissing petition); *Bradley v. Hopkins*, Case No. 8:92CV65, Filing No. 10 (dismissing petition)).

The pending petition is a second or successive petition under the statute because it challenges the same judgment already challenged in this court. Moreover, the petition does not fit any of the recognized exceptions to the bar on second or successive petitions. The record does not reflect that Bradley has received permission from the Eighth Circuit Court of Appeals to again attack this conviction. If he wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b).

## II. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Bradley has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Bradley's petition is dismissed without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals.

2. The court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 2nd day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge